STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, ss.
CLERK'S OFFICE

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-05-038

2005 SEP 27 P 2: 47

WALLACE BROWN,

        Petitioner

    v.

UNEMPLOYMENT INSURANCE
COMMISSION,

        Respondents

ORDER

OCT 18

This case comes before the Court on Petitioner Wallace Brown's Motion to Take Additional Evidence pursuant to M.R. Civ. P 80C(e).

**FACTUAL BACKGROUND**

A Deputy of the Bureau of Unemployment Security disqualified Petitioner from unemployment benefits because he voluntarily left his job with Maine Overnight Air Express Inc. without good cause attributable to his employment. He appealed that decision to the Department of Administrative Hearings ("DAH"). Despite receiving notice of the date and time of the appeal, Petitioner failed to appear. DAH dismissed the appeal by default. Over nine months later, Petitioner appealed the DAH's decision to the Maine Unemployment Insurance Commission (the "Commission"). The Commission dismissed the claim as untimely pursuant to 26 M.R.S.A. § 1194(3). Petitioner's request for reconsideration was denied. Petitioner now seeks final agency review pursuant to M.R. Civ. P. 80C and has requested that the Court take additional evidence pursuant to M.R. Civ. P. 80C(e).

# DISCUSSION

Petitioner has requested that the Court allow additional evidence to be taken in his Rule 80C appeal. The Court may grant a motion to take additional evidence a) in the case of "failure or refusal to act or alleged irregularities in procedure before the agency which are not adequately revealed in the record," or b) if it finds that additional evidence is material, and such evidence "could not have been presented or was erroneously disallowed in proceedings before the agency." 5 M.R.S.A. § 11006(1) and (2); *York Hospital v. Department of Human Services*, 2005 ME 41, ¶ 20, 869 A.2d 729, 735 (a request for additional evidence is most appropriately asserted when the evidence is relevant to bias or prejudice or a claim that could not have been addressed to the agency during the administrative proceedings).

The Commission's rulings may be reversed or modified on appeal only if the Court determines that they are unsupported by substantial evidence on the whole record, were affected by error of law or were "arbitrary or capricious as characterized by abuse of discretion." 5 M.R.S.A § 11007(4)(C)(4)(5)(6). Accordingly, when the Superior Court reviews a decision of the Commission, it must determine whether the law was correctly applied the law and whether the findings of fact are supported by any competent evidence. *Maddocks v. Unemployment Ins. Comm'n*, 2001 ME 60, P7, 768 A.2d 1023, 1025.

In this case, Petitioner argues that the Deputy who originally denied his petitioner for unemployment benefits failed to use proper procedure by essentially misjudging the credibility of Petitioner's employer. Petitioner seeks to 1) take the testimony of the Deputy to determine his fact-finding procedure; 2) take the testimony of all employees of Maine Overnight Air Express Inc. who

spoke to the Deputy; 3) subpoena the telephone records of the conversations between the Deputy and the employees; and 4) order the Deputy to produce a written record of the facts.

First, Petitioner's failed to appear at his hearing on appeal before the DAH. He received notice of that hearing and had the opportunity then to present all the evidence he seeks to introduce in this motion.

Second, it is not an irregularity in procedure for a Deputy of the Bureau of Unemployment to determine the credibility of witnesses when making a benefits decision. Furthermore, the Court will not second-guess a credibility determination by a fact-finder unless it is unsupported by competent evidence. Petitioner's own affidavit states that the Deputy relied on Petitioner's employer's statement quoting Petitioner as saying "that I was going to quit and go back to school."[1] In finding the employer to be credible, it was reasonable to believe that Petitioner intended to leave the job voluntarily.

Finally, and most importantly, Petitioner had fifteen days to appeal the DAH's decision to the Commission, yet he delayed over nine months. See 26 M.R.S.A. § 1194(3).[2] It was not an abuse of discretion or an erroneous interpretation of the law for the Commission to dismiss Petitioner's appeal. Furthermore, because the decision of the Commission was based on the

---

[1] The record does not contain the Deputy's reasons for denying benefits.

[2] 26 M.R.S.A. § 1194(3) provides: Unless such appeal is withdrawn, the Division of Administrative Hearings after affording the parties reasonable opportunity for fair hearing, shall affirm, modify or set aside the findings of fact and decision of the deputy. The parties shall then be duly notified of the division's decision, together with its reasons therefore, which subject to section 11 shall be deemed to be the final decision of the commission unless, within 15 calendar days after the notification was mailed to his last known address, the claimant and employer may appeal to the commission by filing an appeal in accordance with such rules as the commission shall prescribe, provided that the appealing party appeared at the hearing and was given notice of the effect of the failure to appear in writing prior to the hearing.

untimeliness of the appeal, the additional evidence Petitioner seeks to take is not material to the decision of the Commission. Essentially, Petitioner was given two chances to fully present his case at the administrative level and failed both times.

The Motion to Take Additional Evidence is DENIED.

DATE: _September 27, 2005_     _____
                                        Justice, Superior Court

COURTS
ıd County
ɔx 287
e 04112-0287

PAMELA WAITE AAG
6 STATE HOUSE STATION
AUGUSTA ME 04333

— Respondent

F COURTS
ınd County
ɔox 287
ıe 04112-0287

WALLACE BROWN
10 HARDY ROAD
FALMOUTH ME 04105

— Petitioner

STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO. AP-05-038



WALLACE BROWN,                    *
                                  *
                Petitioner        *
       v.                         *            **ORDER**
                                  *
UNEMPLOYMENT INSURANCE            *
COMMISSION,                       *
                                  *
                Respondent        *
                                  *

        This case comes before the Court on Petitioner Wallace Brown's 80C

Appeal and Petitioner's Motion to Amend his Complaint to allow him to

transition this action into an ordinary civil action pursuant to M.R. Civ. P. 80C(a).

### FACTUAL BACKGROUND

        A Deputy of the Bureau of Unemployment Security disqualified Petitioner

from unemployment benefits because he voluntarily left his job with Maine

Overnight Air Express Inc. without good cause attributable to his employment.

He appealed that decision to the Department of Administrative Hearings

("DAH"). Despite receiving notice of the date and time of the appeal, Petitioner

failed to appear. DAH dismissed the appeal by default. Over nine months later,

Petitioner appealed the DAH's decision to the Maine Unemployment Insurance

Commission (the "Commission"). The Commission dismissed the claim as

untimely pursuant to 26 M.R.S.A. § 1194(3). Petitioner's request for

reconsideration was denied. Petitioner now seeks final agency review pursuant

to M.R. Civ. P. 80C and permission from the Court to Amend his Compliant to

transition this case into an ordinary civil action pursuant to M.R. Civ. P. 80C(a).

# DISCUSSION

a. <u>80C Appeal</u>

The Commission's rulings may be reversed or modified on appeal only if the Court determines that they are unsupported by substantial evidence on the whole record, were affected by error of law or were "arbitrary or capricious as characterized by abuse of discretion." 5 M.R.S.A § 11007(4)(C)(4)(5)(6). Accordingly, when the Superior Court reviews a decision of the Commission, it must determine whether the law was correctly applied the law and whether the findings of fact are supported by any competent evidence. *Maddocks v. Unemployment Ins. Comm'n, 2001 ME 60, P7, 768 A.2d 1023, 1025.*

In this case, Petitioner argues that the Deputy of the Bureau of Unemployment that originally denied his petition for unemployment benefits failed to use proper procedure by essentially misjudging the credibility of Petitioner's employer. In this case, it was not the Deputy who failed to follow procedure, but rather Petitioner, by failing to appear at his hearing on appeal before the DAH. He received notice of that hearing and had the opportunity to appeal. As for the conduct of the Deputy, making a benefits decision involves a determination of the credibility of witnesses. The Court will not second-guess a credibility determination made by a fact-finder unless it is unsupported by competent evidence. Petitioner's own affidavit states that the Deputy relied on Petitioner's employer's statement quoting Petitioner as saying "that I was going to quit and go back to school."[1] In finding the employer to be credible, a fair reading of the record reveals that it was reasonable to believe that Petitioner

---

[1] The record does not contain the Deputy's reasons for denying benefits.

2

intended to leave the job voluntarily.

Finally, and most importantly, Petitioner had fifteen days to appeal the DAH's decision to the Commission, yet he delayed over nine months. See 26 M.R.S.A. § 1194(3).[2] It was not an abuse of discretion or an erroneous interpretation of the law for the Commission to dismiss Petitioner's appeal. Petitioner was given two opportunities to appeal his case at the administrative level and failed both times.

b.    Leave to Amend Pleadings

Petitioner is asking this Court for leave to amend his pleadings to transition this action into an ordinary civil action pursuant to M.R. Civ. P. 80C(a). He is seeking to pursue an action against his employer for misrepresentations made to the Deputy. Pursuant to M.R. Civ. P. 80C(a), "leave to amend pleadings shall be freely given when necessary to permit a proceeding erroneously commenced under this rule to be carried on as an ordinary action." For the Court to grant Petitioner's motion to amend, Petitioner must show that he erroneously commenced this proceeding as an 80C appeal.

Petitioner's only recourse for review of governmental agency action is an 80C appeal. He did not erroneously commence this action. Any action that he may have against his employer, however, may be pursued in a separate civil action, but not by amending these pleadings.

---

[2]    26 M.R.S.A. § 1194(3) provides: "Unless such appeal is withdrawn, the Division of Administrative Hearings after affording the parties reasonable opportunity for fair hearing, shall affirm, modify or set aside the findings of fact and decision of the deputy. The parties shall then be duly notified of the division's decision, together with its reasons therefore, which subject to section 11 shall be deemed to be the final decision of the commission unless, within 15 calendar days after the notification was mailed to his last known address, the claimant and employer may appeal to the commission by filing an appeal in accordance with such rules as the commission shall prescribe, provided that the appealing party appeared at the hearing and was given notice of the effect of the failure to appear in writing prior to the hearing."

3

The entry is:

Petitioner Wallace Brown's 80C appeal is DENIED.
Petitioner Wallace Brown's motion for leave to amend is DENIED.

DATE: _Feby 27, 2006_

_____
Roland A. Cole
Justice, Superior Court

4

Date Filed __JUNE 27 2005__ __CUMBERLAND__ Docket No. __AP-05-38__
County

Action _80C APPEAL_

WALLACE BROWN

STATE OF MAINE UNEMPLOYMENT INSURANCE
COMMISSION

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| WALLACE BROWN (PRO-SE)<br>10 HARDY ROAD<br>FALMOUTH MAINE 04105<br>(207)797-2807 | PAMELA W WAITE ESQ<br>ELIZABETH J WYMAN ESQ<br>STATE OF MAINE OFFICE OF THE ATTORNEY GEN<br>6 STATE HOUSE STATION<br>AUGUSTA ME 04333-0006<br>(207)626-8800 |

Date of